UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY THE LUU,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT GOWER, Warden,<br><br>    Respondent. | No. C 14-044 SI (pr)<br><br>**ORDER RE. POTENTIALLY UNTIMELY PETITION** |

## INTRODUCTION

Huy The Luu, formerly an inmate at the Valley View Conservation Camp, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed the petition with leave to file an amended petition. Luu has filed an amended petition. The amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The following chronology is derived from the materials filed by Luu. In 2003, Luu was charged with two counts of first degree robbery with sentence enhancement allegations for a home invasion robbery. On December 5, 2003, he pled guilty to two counts of first degree robbery and admitted the sentence enhancement allegations that he used a deadly and dangerous weapon during the offenses. On June 4, 2004, the trial court suspended imposition of sentence and placed him on formal probation for a period of three years. Thereafter, he violated probation several times, and the probation department sought to modify and extend the terms of his probation. After a hearing on February 15, 2007, at which petitioner was not represented by

counsel, the court extended his probation to February 4, 2013. On May 14, 2012, the probation department filed a petition to revoke Luu's probation. Luu admitted the probation violation. The trial court then sentenced him to a total of 5 years in state prison for the two robberies. That sentence was later corrected to be four years and four months. *See* Docket # 1-3 at 29-30.

Luu appealed the trial court's May 2012 order revoking probation and imposing the prison sentence of four years and four months. Counsel filed a *Wende* brief and Luu filed a supplemental brief. The California Court of Appeal affirmed the judgment. Luu then filed an unsuccessful *pro se* petition for review in the California Supreme Court.

Luu then filed this action. His federal habeas petition is dated December 22, 2013. The envelope used to mail the petition has no visible postmark date. The envelope was stamped "Received" at the courthouse on December 28, 2013 and the petition was stamped "Filed" on January 6, 2014.

The amended petition is hardly a model of clarity but appears to alleges the following claims. First, Luu contends that his Sixth Amendment right to counsel was violated when, at the hearing on February 15, 2007, at which the district attorney requested that his probation be extended for five years and eight months, he was not represented by counsel. Second, Luu contends that the judge violated Luu's rights to counsel, due process and equal protection by not appointing counsel to represent him at the hearing on February 15, 2007. Third, Luu contends that his Fourteenth Amendment rights to due process and equal protection were violated due to the absence of a transcript of the hearing on June 4, 2004.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §

2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve by mail a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent must file with the court and serve upon petitioner, on or before **January 9, 2015**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.  <u>In addition to the untimeliness issue, respondent may raise any other procedural challenge he has in that motion to dismiss</u>.  <u>Respondent also is requested to address whether petitioner satisfied the custody requirement for his petition</u>.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **February 6, 2015**.

4. Respondent may file and serve a reply on or before **February 20, 2015**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

IT IS SO ORDERED.

DATED: November 10, 2014

_____
SUSAN ILLSTON
United States District Judge