UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY THE LUU,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT GOWER, Warden,<br><br>　　　　Respondent.　　　　　　／ | No. C 14-044 SI (pr)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Huy The Luu, formerly a prisoner of the State of California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely, and Luu has opposed the motion. For the reasons discussed below, the court dismisses the untimely petition.

## BACKGROUND

Luu's petition challenges the 2007 modification of his term of probation.

Following entry of a guilty plea in Santa Clara County Superior Court on December 5, 2003, Luu was convicted of two counts of first degree robbery with a sentence enhancement for personal use of a deadly weapon. On June 4, 2004, the trial court suspended imposition of the sentence, placed Luu on probation for three years, and ordered him to pay $25,920 in restitution to the victims.

On February 15, 2007, the probation department filed a petition for modification of the terms of Luu's probation. At a hearing on February 15, 2007, the trial court extended Luu's probation period to February 4, 2013, and modified the terms of probation to include a $350

monthly restitution payment. *This is the proceeding challenged in Luu's federal habeas petition.*

In 2010, the probation department filed a petition to revoke Luu's probation, alleging, among other things, that Luu had been convicted of possession of drugs for sale and sentenced to 32 months in state prison on October 9, 2008. The record before this court does not disclose further action on that petition.

According to the California Court of Appeal, sometime after the September 16, 2010 petition to revoke probation was filed, Luu petitioned the superior court to have the February 15, 2007 order extending the term of probation set aside "on the basis that the trial court failed to inform defendant of his right to consult with counsel." Docket # 17-1 at 4. The trial court issued an order to show cause on the petition and then denied it on February 27, 2012. *Id.*

In 2012, the probation department filed another petition to revoke Luu's probation. Luu admitted the probation violation on May 14, 2012, and was sentenced to a total of five years in prison. (The trial court later corrected this sentence to be four years and four months in prison.)

Luu appealed the 2012 probation revocation decision. On September 19, 2013, the California Court of Appeal affirmed the May 14, 2012 decision to revoke probation and impose the prison sentence. The California Supreme Court denied review on November 26, 2013.

Luu then filed this action seeking a writ of habeas corpus. His federal habeas petition is dated December 22, 2013. The envelope used to mail the petition has no visible postmark date. The envelope was stamped "Received" at the courthouse on December 26, 2013 and the petition was stamped "Filed" on January 6, 2014. For purposes of the present motion, the court assumes the petition was mailed on the day it was signed, despite the absence of a proof of service. Due to Luu's status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). His federal petition is deemed filed as of December 22, 2013.

Luu's amended petition is hardly a model of clarity but appears to allege the following claims. First, Luu contends that his Sixth Amendment right to counsel was violated when he

was not represented by counsel at the February 15, 2007 hearing at which the district attorney requested that Luu's probation be extended for five years and eight months. Second, Luu contends that the judge violated Luu's rights to counsel, due process and equal protection by not appointing counsel to represent him at the hearing on February 15, 2007. Third, Luu contends that his Fourteenth Amendment rights to due process and equal protection were violated due to the absence of a transcript of a hearing on June 4, 2004, because that transcript "would have shown that the petitioner was sentenced to (4) four years, which was the ple[a]" to which he agreed. Docket # 11 at 6. (Luu apparently did not ask for a copy of the transcript until he attempted to challenge the 2012 probation revocation decision, as is suggested by the fact that it was not until 2012 that the court reporter prepared a declaration stating that she did not report the proceedings.) *See* Docket # 1-3 at 27 (court reporter's July 25, 2012 declaration stating that "there were no proceedings reported by [her] on . . . June 4, 2004" in Luu's case).

## DISCUSSION

A.   The One-Year Limitations Period Started On February 15, 2007

Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A-D).

The usual starting date for the limitations period is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That starting date does not fit Luu's circumstance because the "judgment became final" in his case shortly after June 4, 2004, when the court imposed the sentence on his criminal conviction, and he did not appeal therefrom. Luu's limitations period

did not start at this time because the facts giving rise to his legal claims did not occur until 2007. Respondent has not identified any judgment entered as a result of the 2007 modification of probation, as to which § 2244(d)(1)(A) could be applied.

The second and third potential starting dates in § 2244(d)(1) do not fit Luu's facts. He has not identified "an impediment to filing an application created by unconstitutional state action," as is required for use of the starting date in § 2244(d)(1)(B). And his claims – i.e., denial of right to counsel, ineffective assistance of counsel, and a missing transcript – are not based on any constitutional right newly recognized by the Supreme Court, as is required for use of the starting date in § 2244(d)(1)(C).

The correct starting date for the limitations period in Luu's case is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence." 28 U.S.C. § 2244(d)(1)(D). Luu's limitations period began on February 16, 2007, the day after the hearing at which his probation was extended because that is the date on which the factual predicate of Luu's claims could have been discovered by Luu through the exercise of diligence. Luu's first two claims are based on the absence of counsel to represent him at the hearing on February 15, 2007. Luu was present at that hearing and either knew or reasonably should have known that no attorney was there to represent him. *See* Docket # 17-1 at 22. The factual predicate for his claims that he was not represented by counsel at the hearing could have been discovered though the exercise of reasonable diligence no later than February 15, 2007. Luu's third claim is that he was denied a transcript of a 2004 hearing that would have shown the probation extension to be impermissible.[1] The ground for habeas relief on those facts is either a breach of a plea agreement or that the absence of a transcript precludes effective

---

[1] Luu does not clearly articulate the reason for his interest in the 2004 transcript. It appears to this court that he may have wanted to prove with the transcript that his 2004 plea agreement did not permit the 2007 probation extension. Luu presents no evidence that he sought that transcript before 2012, when he attempted to challenge the 2012 probation revocation decision. *See* Docket # 1-3 at 27 (court reporter's July 25, 2012 declaration stating that she did not report any proceedings in Luu's case on June 4, 2004). The California Court of Appeal, in rejecting Luu's challenge to the 2012 probation revocation decision, saw no point to Luu's allegations about the missing transcript. "[D]efendant does not offer any information as to how the substance of the transcript in question would aid his appeal, and none of the arguments advanced in defendant's letter brief relate to his guilty plea." Docket # 1-3 at 33.

4

1 review of such a claim. Assuming arguendo that there was a plea agreement in 2004 for a four-
2 year sentence, Luu was at the hearing on February 15, 2007 when the court announced that his
3 probation was extended for five years – an extension that was inconsistent with his alleged plea
4 deal from 2004. *See* Docket # 1-3 at 13, 14. The factual predicate for this claim was known or
5 could have been discovered through the exercise of due diligence at the hearing on February 15,
6 2007.[2]

Luu states that he wrote letters to his former attorney on unstated dates to ask why the
8 attorney was not present to represent him at the February 15, 2007 hearing and that he sent
9 letters to the court reporter to ask for transcripts for the 2004 hearing. His evidence-gathering
10 efforts do not result in a delayed start of the limitations period. A claim accrues under Section
11 2244(d)(1)(D) on the date a petitioner reasonably should have discovered the factual predicate
12 through the exercise of reasonable diligence, rather than on some later date when the petitioner
13 thinks he has gathered enough evidence to prove those claims. Section 2244(d)(1)(D) does not
14 convey a right to delay "while a habeas petitioner gathers every possible scrap of evidence" that
15 might support his claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *see generally*
16 *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (no delayed start of limitations
17 period under § 2255 for federal petitioner who was not diligent; even though he did not have
18 access to trial transcripts, the facts supporting claims which occurred at the time of his
19 conviction could have been discovered if he "at least consult[ed] his own memory of the trial
20 proceedings").

21 Luu also urges that the limitations period did not start until his probation was revoked in
22 2012. The court has found no authority to support such an approach. *Cf. United States v.*
23 *Castro-Verdugo*, 750 F.3d 1065 (9th Cir. 2014) (federal prisoner could not attack sentence

---

[2] To the extent Luu wants to claim that, regardless of what occurred in 2007, the absence of a transcript of the 2004 hearing violated his rights, such a claim would be a challenge to the 2004 conviction and sentencing rather than the 2007 decision and would be even more untimely. To the extent Luu wants to claim that his inability to obtain a transcript in 2012 hindered his ability to challenge the 2007 decision to extend his probation, the claim would be untimely because, as explained in the text, he could not wait until the revocation of his probation to challenge the 2007 extension of his probation.

5

imposed in his appeal from the probation revocation proceedings, even though original sentence was improper); *id.* at 1068 ("'An appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence'"). Allowing a collateral attack on the underlying sentence of probation from a probation revocation proceeding would also thwart the habeas statute of limitations. *See id.* at 1068-69 (explaining that § 2255's limitations period for federal prisoners – largely parallel to § 2254's limitations period for state prisoners – would be defeated by allowing a person to wait until his probation was revoked to challenge the underlying sentence). Using the date of probation revocation as the starting date for the limitations period also would be impractical because it would result in many habeas petitioners in his position losing their opportunity for federal habeas review of the probation conditions and terms. If the limitations period did not commence until the revocation of probation, many petitioners would be unable to satisfy the habeas custody requirement because they might complete their sentences before they reached federal court. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed). Even for those petitioners who could satisfy the custody requirement and who prevail on their claims of constitutional violations in the term of probation, there would be mootness concerns once the probation term is completed. Luu did not need to wait until after his probation was revoked in 2012 to challenge the 2007 decision that extended his term of probation. In fact, he was not allowed to do so under state law, as the California Court of Appeal explained in rejecting several claims in his 2012 appeal:

> [D]efendant contends that the trial court failed to inform him of his right to representation and his right to consult with an attorney before the probation modification hearing in February 2007. This contention is not properly before us, as defendant did not appeal from the modification of probation in February 2007. Defendant's present appeal is over the trial court's subsequent order imposing sentence after revocation of his probation. An order modifying the terms of probation is an appealable order. (§ 1237, subd. (b); *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) An appealable order that is not appealed "becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment." (*People v. Ramirez, supra*, at p. 1421.)

Docket # 1-3 at 31-32. The California Court of Appeal also rejected Luu's argument that his attorney was ineffective because he was not present at the hearing in February 2007: "[a]gain, this argument arises from defendant's February 2007 extension of probation and is therefore not

6

1 properly before us." *Id.* at 32.  The limitations period did not start upon the conclusion of the
2 appeal from the probation revocation decision in 2012.

3 The presumptive deadline for Luu to file his federal habeas petition was February 15,
4 2008.  He missed that deadline by almost six years.  Unless he is entitled to substantial statutory
5 and/or equitable tolling of the limitations period, his federal petition is untimely.

### B. There Is No Statutory Tolling Of The Limitations Period

The one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Here, Luu did not file an appeal from the 2007 probation modification order and did not file any state habeas petition challenging it.  His 2010 petition in the superior court to have the 2007 decision set aside was filed too late to result in any tolling because the limitations period had expired before it was filed.  His 2012 appeal from the 2012 probation revocation decision was filed far too late to result in any statutory tolling, even if it properly had challenged the 2007 probation modification decision.  That appeal in 2012 had no tolling effect on the limitations period that had already expired.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).   He therefore receives no statutory tolling.

### C. No Equitable Tolling Is Warranted

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "'A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Luu states that he was in county jail for 32 months, starting in October 2008, and in immigration detention for about eight months thereafter.  Being in custody is a commonplace circumstance among habeas petitioners, and is not an "extraordinary circumstance" that warrants

7

tolling of the limitations period. Even if there was something extraordinary about his incarceration, Luu has not shown that the circumstance existed before his limitations period expired. If he did not go into custody until after February 15, 2008, his custody would have no potential to toll the limitations period that had expired. Luu has not shown that he is entitled to equitable tolling. Equitable tolling is not warranted.

To summarize: The limitations period commenced the day after the February 15, 2007 hearing at which the trial court extended Luu's probation period. No statutory or equitable tolling of the limitations period occurred. Luu had to file his federal petition for writ of habeas corpus no later than February 15, 2008 for it to be timely. He did not file it until December 2013, more than five years too late.

D. No Certificate of Appealability

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 17.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: June 23, 2015

_____
SUSAN ILLSTON
United States District Judge

8